# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In re :  Case No. **6:12-bk-02525-CCJ**
 Chapter 7

**William Aleman**
**Arleen Allende**

                Debtor(s).

_____/

## MOTION FOR APPROVAL AND NOTICE OF COMPROMISE AND SETTLEMENT OF PRODUCT LIABILITY CLAIM

MARIE E. HENKEL, Trustee of the above captioned debtor estate, pursuant to F.R.B.P. 9019, moves for approval of a proposed compromise and settlement of product liability claims and gives notice to all interested parties of the proposed compromise.

### BACKGROUND AND CONTROVERSIES

1. Debtors William Aleman and Arleen Allende, filed a Chapter 7 bankruptcy

---

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail. If you object to the relief requested in this paper, you must file a response with the Clerk of the U.S. Bankruptcy Court, 400 W. Washington St., Ste. 5100, Orlando, FL 32801 and serve a copy on Marie E. Henkel, Trustee, 3560 S Magnolia Ave., Orlando, FL 32806; Kristen L. Henkel, Esq., 3560 S. Magnolia Ave., Orlando, FL 32806; and on U. S. Trustee, 400 W. Washington St., Ste. 1100, Orlando, FL 32801.

If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

petition on February 28, 2012. Prior to the petition date, co-debtor Arleen Allende was surgically implanted with a medical device product. Thereafter, co-debtor Arleen Allende asserted that she suffered injuries related to the implanted medical device product, resulting in a product liability lawsuit being asserted against the manufacturer of the medical device (the "Claim").

2. The Claim against the medical device manufacturer was not listed among the assets reported by the Debtors on Schedule B to the petition (docket no. 1).

3. Trustee was contacted by the attorney retained in 2012 by co-debtor to pursue the Claim , and Trustee determined that said attorney was best equipped to continue to represent the estate in continuing to pursue the Claim. An Order authorizing employment of Special Counsel Ronald Karz, Esq., of Mueller Law Office "Special Counsel"), was entered on April 11, 2017 (docket no. 38).

4. Special Counsel for the estate investigated the Claim, made demands on the defendant manufacturer, conducted discovery, and joined multi-district litigation. As part of the complex litigation, the Debtors are eligible, subject to the terms of the settlement, to participate in a confidential, aggregate settlement, and as part of that settlement, the Trustee and the Debtors have received a proposed settlement offer to resolve the Claim for the gross settlement amount of $70,000.00. Special Counsel has advised Trustee to accept the settlement offered by the defendant manufacturer in the gross settlement amount of $70,000.00 (the "Gross Settlement Amount").

5. Trustee believes that the compromise of the Claim for the Gross Settlement Amount of $70,000.00 is reasonable.

6. Special Counsel has advised that the settlement funds are being held in a qualified settlement fund ("QSF") within the meaning of section 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation sections 1.468B-1, et seq. by the District Court, Hardin County, Texas, 356th Judicial District and the trustee of the settlement fund (the "Settlement Fund Trustee") is responsible for disbursing the proceeds, subject to the conditions of the settlement being satisfied, under the terms of the settlement.

7. The settlement provides for the Settlement Fund Trustee to pay fees, costs and expenses under the settlement to the appropriate recipients from the gross settlement amount, which includes:

|  |  |
|---|---:|
| Gross Settlement Amount | $ 70,000.00 |
| a. Attorneys' Fees | ( 26,600.00)* |
| b. Attorneys' Expenses | ( 1,764.19)** |
| c. Multi-District Litigation Assessment (5% of gross settlement) | ( 3,500.00) |
| d. Special Master Fees | ( 100.00) |
| e. QSF Trustee Administration Fee | ( 136.00) |
| f. Lien Resolution Fees | ( 375.00) |
| g. TSA Bankruptcy Resolution Fee | ( 700.00) |
| h. Wellcare Lien Withholding | ( 988.42) |
| Net Settlement Proceeds | $ 35,836.39 |

* The attorneys' fees have been allocated as follows: 2/3 to Mueller Law Office, 1/3 to Morgan & Morgan PA

**The attorneys' expenses have been allocated as follows : $1,708.58 to Mueller Law Office, $55.61 to Morgan & Morgan PA

After payment by the Settlement Fund Trustee of the fees, costs and expenses under the settlement to the appropriate recipients, it is anticipated that there will remain $35,836.39 ("Settlement Proceeds"), and upon the terms of the settlement being satisfied, the Settlement Fund Trustee will distribute these Settlement Proceeds to the Trustee.

## THE COMPROMISE

8. Trustee and the Debtors have agreed to resolve the Claim for the Gross Settlement Amount of $70,000.00, subject to payment and deduction by the Settlement Fund Trustee from such amount for costs, fees and expenses under the settlement, and seek by this Motion authority to resolve the Claim on the terms set forth in the Motion.

9. One of the conditions to the settlement is the Trustee and Debtors enter into a Release (defined below). Accordingly, by this Motion, Trustee requests the Court find that (i) Trustee, on behalf of Trustee and the bankruptcy estate, and the Debtors, are authorized to enter into, execute and deliver any and all release documentation required by the Manufacturer and any other documents

or instruments, if any, necessary or appropriate in order to effectuate the release of claims (the "Release); (ii) upon the Release becoming effective in accordance with its terms, all persons and entities, including, without limitation, the Debtors, Trustee and the bankruptcy estate, and any person or entity claiming, or who could claim, by, through or on behalf of the Debtors, Trustee and/or the bankruptcy estate, shall be and hereby are permanently enjoined from asserting or prosecuting any released claims; and (iii) the Release, and any and all documents and instruments executed by Trustee and/or the Debtors agreeing to the release of the claims, is and shall be valid, binding and enforceable according to their terms.

## BEST INTEREST OF THE ESTATE

10. Absent the settlement, the Claim would have to be litigated with no assurance of a favorable outcome the Debtors or the bankruptcy estate. While Trustee's Special Counsel believes Co-Debtor's lawsuit is meritorious, the probability of succeeding in further litigation is uncertain. The resolution of the product liability lawsuit via the settlement provides a reasonable and favorable outcome to the Debtors and eliminates the risk of not prevailing in further litigation.

11. Trustee believes that the costs of litigation would diminish the recovery to creditors in this matter.

12. Trustee believes that this settlement is in the best interest of creditors, Debtors and the estate.

13. This Motion and the proposed settlement of the Claim as set forth in the Motion are being noticed to all creditors pursuant to Federal Rule of Bankruptcy Procedure 9019.

14. The legal standard for approval of settlement in the Eleventh Circuit is as outlined in *In re Justice Oaks, II, Ltd.,* 898 F.2d 1522, 1549 (11th Cir.) *cert denied* 498 U.S. 959 (1990). *Justice Oaks, II* requires that the Court consider: (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending to it; and (4) the paramount interest of creditors and the proper deference to their reasonable views in the premises. Trustee believes that the settlement of the Claim complies with the legal principles relied upon within these authorities.

15. The settlement of the Claim will permit the liquidation of an unliquidated asset of the estate. The Trustee believes the settlement of the Claim is in the best interest of the creditors and

interested parties because it settles the controversy without further cost, risk or delays necessitated by litigation.

WHEREFORE, Trustee prays that the Court, after notice and the lack of any response, enter an Order approving the settlement of the Claim in the gross settlement amount of $70,000.00; authorizing the Settlement Fund Trustee to pay the fees, costs and expenses under the settlement to the appropriate recipients as set forth above, and thereafter, for the Settlement Fund Trustee to pay the Settlement Proceeds to the Trustee; authorizing the release and waiver of any interest in or any claims or rights the Debtors, Trustee and/or the bankruptcy estate may or could have regarding, arising from or related to the Claim; and authorizing Trustee and the Debtors to execute and deliver any and all documents necessary to effectuate a full release, waiver and settlement of the claims, including, but not limited to, executing the Release, and for such other and further relief as the Court deems just and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was furnished by first class United States Mail, postage pre-paid, or by electronic delivery, to all persons on a mailing matrix, attached to the original of this document, as furnished by the Clerk's office on June 29, 2017.

/s/ Marie E. Henkel

Marie E. Henkel, Trustee
Florida Bar No. 260320
3560 South Magnolia Avenue
Orlando, Florida 32806
Telephone : (407) 438-6738
Facsimile  : (407) 858-9466